GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California  94114
Telephone: (415)378-2625
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IO GROUP, INC. d/b/a TITAN MEDIA, a California corporation,<br><br>    Plaintiff,<br><br>            vs.<br><br>JOHN DOES 1-2, individuals,<br><br>    Defendants. | CASE NO.: 08:2763 (MHP)<br><br>**COMPLAINT:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**(3) VICARIOUS COPYRIGHT INFRINGEMENT;**<br>**(4) INDUCEMENT OF COPYRIGHT INFRINGEMENT;**<br>**(5) FALSE DESIGNATION OF ORIGIN; and**<br>**(6) TRADEMARK INFRINGEMENT** |

**INTRODUCTION**

1.      This is an action by IO GROUP, INC. a California corporation, d/b/a TitanMedia® and ManPlay®, to recover damages arising from infringement of Io Group's copyrights in its creative works by Defendants JOHN DOE 1 and JOHN DOE 2, whose true names have not yet been determined, and to enjoin defendants from future infringement.  Defendants reproduced, distributed and publicly displayed, through the Internet certain Titan Media-owned audiovisual

works. Plaintiff will file a motion to take early discovery in order to uncover the true names of the DOE defendants.

## THE PARTIES

2. Io Group, Inc. is a California corporation doing business as TitanMedia® and ManPlay® with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Io Group produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. Plaintiff operates and maintains a website by and through which its photographic and audiovisual works can be viewed by individuals who pay a monthly subscription fee.

3. The true name of defendant sued herein as JOHN DOE 1 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 1, using the pseudonym 'skip", created and operated an Internet based social network by and through which he engaged in the large scale reproduction, distribution and public display of copyrighted work including at least one work owned by and registered to Plaintiff Io Group, Inc.

4. The true name of defendant sued herein as JOHN DOE 2 is unknown to plaintiff, which sues said defendant by such fictitious name. JOHN DOE 2, using the pseudonym 'matt" without authorization reproduced, distributed and publicly displayed copyrighted works including works owned by and registered to Plaintiff Io Group, Inc.

## JURISDICTION

5. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendants. Defendants solicit, transact, and are doing business within the State of California and have committed unlawful and tortuous acts both within and outside the State of California causing injury in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over defendants.

## INTRADISTRICT ASSIGNMENT

7. Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

## VENUE

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## BACKGROUND

9. Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet. As Congress and the courts clarify the law and close legal loopholes in order to hold infringers liable for their actions, would-be infringers develop new and often increasingly complex means of engaging in piracy, hoping that the complexity of their systems will help them avoid detection, identification and prosecution. Defendant's activities complained of herein exemplify one of the latest incarnations of on-line digital piracy.

10. Ning.com operates a web-based platform that allows users to create their own on-line social networks. Each network creator can program and design the network to fit his or her needs. Network creators can regulate who joins their social network and what material is broadcast by and through their network. Creators can also make and enforce their own terms of service. They may also sell advertising space on their network pages.

11. Defendant DOE 1 is the network creator, moderator and owner of manplay.ning.com, the social network by and through which the infringement complained of herein.

12. Defendant DOE 2 is a member of manplay.ning.com. Doe 2, without authorization copied plaintiff's registered work, *Heat*, and then distributed and displayed the unauthorized copy on the manplay.ning.com social network.

## FACTS COMMON TO ALL CLAIMS

13. Plaintiff has won numerous awards for its high quality work, beginning with an award for Best Gay Video in its first year in existence (1995). Since then plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography and Best Editing. Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica.

14. The audiovisual work at issue in this action is of obvious high production value and is easily discernable as a professional work. The work was produced using professional performers, directors, cinematographers, lighting technicians, set designers and editors. The work was created with professional grade cameras, lighting and editing equipment.

15. The audiovisual work at issue in this action is registered to plaintiff with the United States Copyright Office.

16. Prior to distribution, each of plaintiff's works, including *Heat*, is marked with plaintiff's trademark, a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted, and a statement as required by 18 U.S.C. §2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in San Francisco, California.

17.     Plaintiff is informed and believes and based thereon alleges that defendants knew or should have known that plaintiff's principle place of business is in San Francisco, California and that infringement of its works was likely to cause harm in California.

18.     At various times, during regular inspections of Internet websites, plaintiff's employees discovered and documented the Io Group, Inc. copyrighted work *Heat* being publicly displayed and or distributed by and through http://manplay.ning.com which was created and is operated by Defendant DOE 1.

19.     Plaintiff subsequently sent notice to Ning, Inc., the provider of hosting and other services for the social network, requesting that the infringing file be blocked or removed.  Plaintiff also contacted Defendants DOE 1 and DOE 2 through the network demanding that the infringement cease and requesting that Does 1 and 2 contact plaintiff's attorney in order to resolve the matter without filing this action or engaging in formal discovery.  Neither defendant responded.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT – 17 U.S.C. §501
**(Against Defendant John DOE 2)**

Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

20.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 19, inclusive.

21.     At all times relevant hereto, plaintiff has been the producer and owner of the photographic and audiovisual work reproduced, distributed and publicly displayed by defendant by and through http://manplay.ning.com.

22.     Plaintiff holds a copyright registration certificate from the United States Copyright Office for *Heat*, the infringed work. The registration number is PA 1-017-633.

Defendant Doe 2 Willfully Infringed Plaintiff's Registered Copyrights

23. Defendant DOE 2 reproduced, distributed and publicly displayed plaintiff's audiovisual work, *Heat*, by and through http://manplay.ning.com.

24. Plaintiff did not authorize defendant's copying, display or distribution of the work.

Defendant Doe 2 Willfully Infringed Plaintiff's Registered Copyrights

25. Defendant DOE 2 infringed the copyrights in plaintiff's creative work by reproducing, distributing and/or publicly displaying *Heat* by and through http://manplay.ning.com without proper approval or authorization of plaintiff.

26. Every work created by plaintiff is identified with plaintiff's mark and thus DOE 2 knew or should have known the infringed work belonged to plaintiff. DOE 2 knew he did not have permission to exploit plaintiff's works.

27. Plaintiff is informed and believes and based thereon alleges that Defendant Doe 2 knew or should have known *Heat* is a professional work and likely subject to copyright.

28. Plaintiff is informed and believes and based thereon alleges that Defendant Doe 2 knew he did not have permission to engage in any of the acts held exclusively by copyright holders.

29. Plaintiff is informed and believes and based thereon alleges that Defendant Doe 2 knew or should have known his acts constituted copyright infringement.

30. Defendant's conduct was willful within the meaning of the Copyright Act.

31. As a result of his wrongful conduct, Defendant Doe 2 is liable to plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

32. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendant Doe 2 has made as a result of its wrongful conduct. 17 U.S.C. § 504. Alternatively, plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

33. In addition, because Defendant Doe 2's infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

34. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### [Against Defendant John DOE 1]

35. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 34, inclusive.

36. Defendant Doe 2 directly infringed plaintiff's copyrighted work by reproducing, distributing and publicly displaying plaintiff's work *Heat* by and through the manplay.ning.com platform.

37. As the creator and operator of manplay.ning.com, Defendant DOE 1 induced, caused and materially contributed to the infringing acts of the direct infringers by encouraging, inducing, allowing and assisting others to reproduce, distribute and display plaintiff's work.

38. Plaintiff is informed and believes and based thereon alleges that Defendant Doe 1 had knowledge of the infringing acts relating to plaintiff's copyrighted work.

39. The acts and conduct of Defendant DOE 1, as alleged above in this Complaint constitute contributory copyright infringement.

## THIRD CAUSE OF ACTION
## VICARIOUS COPYRIGHT INFRINGEMENT
### [Against Defendant DOE 1]

40. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 39, inclusive.

41. Defendant DOE 1, as the creator and moderator of the piracy network by and through which the infringing activity occurred, had the right and ability to control the infringing acts of the individual who directly infringed plaintiff's work.

42. The infringement of plaintiff's work served as a draw to the piracy network by and through which the infringement occurred.

43. Defendant DOE 1 obtained a direct financial benefit from the infringing activities of the individual who directly infringed plaintiff's work.

44. The acts and conduct of Defendant DOE 1, as alleged above in this Complaint constitute vicarious copyright infringement.

## FOURTH CAUSE OF ACTION
## INDUCEMENT OF COPYRIGHT INFRINGEMENT
### [Against Defendant DOE 1]

45. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 44, inclusive.

46. Defendant DOE 1 has designed, distributed, and made available technology and devices with the object and intent of promoting their use to infringe copyrighted materials. As a direct and proximate result of such inducement a member of his piracy network has infringed plaintiff's copyrighted work by reproducing, distributing and publicly performing such work.

47.     Defendant Doe 1's acts of inducement of infringement were willful, in disregard of and with indifference to the rights of plaintiff.

# FIFTH CAUSE OF ACTION
# TRADEMARK INFRINGEMENT
# [Against Defendant Mark LaPerna]

48.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 47, inclusive.

49.     Plaintiff is informed and believes and based thereon alleges that Defendant Doe 1 is the Network creator for the piracy network manplay.ning.com.

50.     Plaintiff Io Group, Inc. has applied for and registered the mark ManPlay® with the United States Patent and Trademark Office.

51.     Defendant DOE 1 provides identical services as plaintiff, to the same market, namely, providing gay adult content for viewing.  Defendant DOE 1 competes directly with plaintiff.

52.     Defendant DOE1's use of counterfeits of plaintiff's trademark is confusingly similar to plaintiff's trademark.

53.     Defendant DOE 1's aforesaid activities constitute infringement of plaintiff's trademark rights under the Lanham Action, including Section 43(a).

54.     Defendant DOE 1's use of a counterfeit of plaintiff's trademark in connection with presenting gay adult content is in direct competition with plaintiff's goods and services and is likely to cause confusion, mistake or deception among the relevant trade and public.

55.     Plaintiff is informed and believes and based thereon alleges that Defendant DOE 1 is engaging in this course of action willfully and with full knowledge and awareness of the

superior trademark rights of plaintiff, and with the purpose an intent of confusing the relevant trade and public into mistakenly believing that Defendant DOE 1's services are associated with, affiliated with, or licensed by plaintiff.

56. Plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage to its reputation, potential goodwill and monies spent towards development and the goodwill accumulated through its trademark unless Defendant DOE 1 is restrained by this Court.

57. Defendant DOE 1's acts complained of herein are likely to cause confusion, mistake, and deception of the relevant trade and public who are likely to believe that the services provided by Defendant DOE 1 are related to, connected to, or approved by plaintiff when in fact they are not.

## SIXTH CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN
## [Against Defendant Mark LaPerna]

58. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 57, inclusive.

59. Defendant DOE 1's aforesaid activities constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

60. Defendant DOE 1's use of plaintiff's trademark is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendant DOE 1 and plaintiff as to the origin, sponsorship or approval of the service provided by Defendant DOE 1.

## JURY DEMAND

61. Plaintiff hereby demands a jury trial in this case.

## PRAYER

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1) That the Court enter a judgment against all defendants that they have:

   a. willfully infringed plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and

   b. otherwise injured the business reputation and business of plaintiff by all defendants' acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against all defendants, and that all defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to plaintiff;

(3) That the Court issue injunctive relief against Defendant DOE 1, and that Defendant DOE 1, his agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with him, be enjoined and restrained from using any of plaintiff's registered trademarks in connection with the presentation of adult video content or engaging in any other act likely to, or calculated to, induce the belief that Defendant DOE 1's business is in any way affiliated, connected or associated with plaintiff or plaintiff's business;

(4) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of plaintiff's audiovisual works,

photographs or other materials, which are in defendants' possession or under their control;

(5) That the Court order all defendants to pay plaintiff's general, special, actual and statutory damages as follows: plaintiff's damages and defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for defendants' willful infringement of plaintiff's copyrights; and

(6) That the Court order all defendants to pay plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(7) That the Court grant to plaintiff such other and additional relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

Dated: *June 2, 2008*                    Respectfully submitted,

*/s/ Gill Sperlein*

GILL SPERLEIN
Attorney for Plaintiff, Io Group, Inc.

## CERTIFICATION OF INTERESTED PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Bruce Lahey – majority shareholder of Io Group, Inc.

Brian Ashby – minority shareholder of Io Group, Inc.

Dated: *June 2, 2008*                    Respectfully submitted,

*/s/ Gill Sperlein*

GILL SPERLEIN
Attorney for Plaintiff, Io Group, Inc.