GILL SPERLEIN (172887)
THE LAW OFFICE OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 487-1211 X32
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IO GROUP, INC., a California corporation, | **CASE NO.: 08-2763 (MHP)** |
| Plaintiff, | **PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST PURSUANT TO LOCAL RULE 7-11 FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE; AND [PROPOSED] ORDER** |
| vs. | |
| JOHN DOES 1 and 2, individuals, | |
| Defendants. | |

Pursuant to Local Rule 7-11, plaintiff seeks leave to take limited discovery prior to the scheduled Rule 26 conference for the reasons set forth herein, and in the concurrently filed declarations. Stipulation for this motion could not be achieved because the two defendants have yet to be identified. Sperlein Decl at ¶2. Indeed, the reason for which plaintiff seeks leave to take early discovery is so that it may uncover the identities of the two JOHN DOE defendants.

## INTRODUCTION AND FACTUAL BACKGROUND

Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc. Plaintiff operates and maintains a website by and through which its photographic and audiovisual works can be viewed by individuals who pay a monthly subscription fee. Complaint at ¶2.

Defendants JOHN DOE 1 and JOHN DOE 2 are individuals whose true names and addresses are unknown to plaintiff. Sperlein Decl. at *¶2*. JOHN DOE I is the creator and operator of the social network manplay.ning.com. Ruoff Decl. at ¶4. JOHN DOE 2 is a registered member of manplay.ning.com who without authorization reproduced, distributed and publicly performed a plaintiff owned work by and through manplay.ning.com. *Id*. at ¶3.

As authorized under 17 U.S.C. §512(h), the Clerk of the Court issued (and plaintiff has served) a subpoena to Ning, Inc., the Internet service provider that provides free hosting and other support services for manplay.ning.com, in order to obtain the internet protocol ("ip") addresses for the individuals responsible for the infringing use of plaintiff's works by an through manplay.ning.com. *In re Io Group, Inc.*, C-08-80111-MISC (SI). Sperlein Decl. at ¶4.

Ning, Inc. has responded to the outstanding subpoena and has identified to plaintiff ip addresses associated with each of the infringing individuals. *Id*. at ¶5. JOHN DOE 1 has consistently accessed manplay.ning.com by and through ip addresses assigned to and controlled by AT & T Internet Services and JOHN DOE 2 has consistently accessed manplay.ning.com by and through an ip address assigned to and controlled by Road Runner Cable (Time Warner). *Id*. at ¶6. The true identity of the infringers may only be obtained by way of further investigation.

Specifically, plaintiff must now subpoena AT&T and Road Runner in order to determine the identity of the subscribers to whom the Internet access provider assigned the ip addresses. Generally, service providers maintain subscriber activity logs indicating which of its subscribers were assigned an ip address at any give date and time. Ruoff Decl. at ¶2.

In plaintiff's experience, Internet access providers only maintain subscriber activity logs for a short period of time before destroying the information contained in the logs. *Id*.  Because the infringing activity did not occur on equipment that was part of the service providers' systems, a subpoena under 17 U.S.C. §512(h) may not be authorized.  *See Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs.*, 359 U.S. App. D.C. 85 (D.C. Cir. 2003), *reh'g en banc denied*, 2004 U.S. App. LEXIS 3564 (D.C. Cir., 2004), *cert. denied* 125 S. Ct. 309 (2004).  Accordingly, plaintiff has filed this DOE lawsuit and now requests leave from the Court to serve Rule 45, third-party, subpoenas on the ISPs prior to the Rule 26 Case Management Conference in this matter. Sperlein Decl. at ¶3.

Federal law provides for the relief plaintiff seeks.

## ARGUMENT

**Federal Rules Allow for Early Discovery**

Federal Rules allow for discovery prior to a Rule 26 conference when good cause is shown. *See Semitool, Inc. v. Tokyo Electronic America, Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

More specifically, courts have recognized that, "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortuous activity occurred entirely on-line." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999).  Accordingly, courts have developed the following factors to consider when granting motions for expedited discovery

to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Id*. at 578-80. Each of these factors resolves in favor of granting plaintiff's requested relief.

First, plaintiff has sufficiently identified individuals who are real persons who can be sued in Federal Court. Plaintiff identified individuals who registered specific user names on the Ning.com system. Ruoff Decl. at ¶¶3 and 4. Plaintiff observed and documented infringement of its registered works by the individuals identified by the various specific user names identified in the Complaint. *Id*. The requested discovery will allow plaintiff to determine the true name and address of the individuals who performed the infringing acts.[1] Sperlein Declaration at ¶¶7 and 8.

Second, there are no other practical measures plaintiff could take to identify the DOE defendants. Plaintiff is aware of no available information that would identify the infringing users, other than information that may be maintained by Ning, Inc. (ip addresses recorded during infringing activity and information provided during user registration) and the individual Internet access providers (the name and address of account holders assigned the ip addresses identified by Ning, Inc.). Due to the nature of on-line transactions, plaintiff has no way of determining defendants' true identities except through third-party subpoenas. Ruoff Decl. at ¶5; Sperlein Decl. at ¶9.

---

[1] If the account holder claims that someone else accessed the Internet to perform the infringing acts using his account (for example another person in the household), then further discovery may be required to identify the responsible party.

-4-

PLAINTIFF'S REQUEST FOR LEAVE
TO TAKE EARLY DISCOVERY
C-08-2763 (MHP)

Third, plaintiff has asserted a *prima facia* claim for direct copyright infringement and other causes of action in its Complaint that can withstand a motion to dismiss. With regard to copyright infringement specifically, plaintiff has alleged that a) it owns and has registered the copyrights in the works at issue and b) the defendants copied, distributed and/or publicly displayed those copyrighted works without plaintiff's authorization. These allegations state a claim for copyright infringement. 17 U.S.C. § 106(1)(3). Plaintiff's other causes of action are also sufficiently pled to withstand a motion to dismiss.

When outlining the above factors, the court in *Columbia* noted that in cases where injured parties are likely to find themselves chasing unidentified tortfeasors from ISP to ISP, the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances. *Columbia*, 185 F.R.D. at 579. An analysis of the factors clearly demonstrates plaintiff's legitimate interest in identifying the name and address of the individuals who infringed upon its copyrighted works.

**Explanation of Specific Requests**

In addition to the three factors discussed above, courts have required plaintiffs requesting early discovery to identify defendants to justify specific requests and explain how such requests "will lead to identifying information about [the] defendant that would make service of process possible. *See Columbia* 185 F.R.D. at 580; *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir.1980). Plaintiff provides the following information concerning the specific requests for early discovery.

The infringement at issue in the matter is an example of the latest scheme infringers have developed for trafficking infringing works via the Internet. The infringing activity revolves around

an Internet social network.  Social Networks are websites where groups of people, usually with a common interest can come together to share information. Ruoff Decl. at ¶8.

Ning.com is one of many commercial enterprises that provide free hosting and other support for individuals who wish to operate social networks. Typical of this arrangement, the domain name of the social network consists of the free host provider's base domain and a subdomain determined by the individual creating and operating the social network. Thus in this matter the name of the social network, manplay.ning.com, consists of Ning's base domain name (ning.com) and the name of Defendant DOE 1's social network (manplay).  *Id*.

Individuals can create social networks as an online location for individuals to meet and converse about any number of topics.  In this matter, JOHN DOE 1 created and operated his social network as a place to trade sexually explicit audiovisual files without regard to copyright. At DOE 1's invitation, users traffic audiovisual files by uploading video files so that they can play directly from the manplay.ning.com site.  *Id*. at ¶9.  Any member of the group can then watch the videos simply by logging on to the group and clicking on the video they wish to view.  *Id*. at ¶9.

It is often difficult to identify individuals operating on the Internet because they frequently provide bogus information when registering to participate on a particular website, such as the social network operated by DOE 1 at manplay.ning.com.  This is particularly true when the individual is accessing the site in order to engage in illegal activity such as copyright infringement.  On the other hand, when an individual subscribes with an Internet service provider in order to get Internet access (also referred to as an Internet access provider) the user by necessity does provide accurate information for the simple reason that the Internet access provider must

supply cable to the subscriber's access location[2] and generally bills the subscriber on a monthly basis. *Id*. at ¶10.

When an Internet access provider supplies a connection to the Internet, the connection is identified by a series of numbers called an Internet protocol ("ip") address. An ip address can be analogized to a telephone number. Just as a telephone company provides a telephone number to its customers so does an Internet access provider assigns an ip address to each of its subscribers. Just as caller ID allows someone to identify the telephone number from which a call is originating, so can a website determine the ip address from which a connection is being made to the site. *Id*. at ¶11.

When a user accesses a website such as manplay.ning.com, the website operator generally automatically records the ip address being used to access the site and stores that information on the server logs. In this case, DOE 1 accessed the social network manplay.ning.com in order to moderate and maintain the group and DOE 2 accessed manply.ning.com in order to upload an infringing copy of plaintiff's copyrighted work. *Id*. at ¶12. Plaintiff has already subpoenaed Ning, Inc. for the weblog records containing the ip addresses of the infringing users and Ning has provided the ip addresses the DOES used to access manplay.ning.com.

Anyone can perform a simple search on public databases to determine which Internet access provider controls a specific ip address. Ruoff Decl. at ¶13. Plaintiff has perform a simple search on public databases to determine that AT&T and Time Warner/Road Runner control the specific ip addresses provided by Ning. Sperlein Decl. at ¶6

---

[2] If the subscriber uses a satellite service for Internet access, the Internet access provider must still visit the access location in order to activate equipment used to receive and send signals to the Internet.

Plaintiff requests that the Court issue an order allowing plaintiff to serve subpoenas on AT&T and Time Warner/Road Runner in substantially the same form as those attached hereto as Exhibits A and B.

Since 47 U.S.C. §551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and since some of the Internet service providers are also cable operators, plaintiff requests that the Court order clearly state that the Court has contemplated the Cable Privacy Act and that the order specifically complies with the acts requirements. See 47 U.S.C. §551.

## CONCLUSION

For the forgoing reasons, plaintiff respectfully asks that the Court grant plaintiff's request and enter an order substantially in the form of the attached Proposed Order.

Dated: *June 4, 2007*               Respectfully submitted,

                                    */s/ Gill Sperlein*
                                    _____
                                    GILL SPERLEIN
                                    Attorney for Plaintiff IO GROUP, INC.

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]

TO:

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| V. | **SUBPOENA IN A CIVIL CASE** |
|  | Case Number:[1] |

TO:

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).