GILL SPERLEIN (172887)
THE LAW FIRM OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415) 378-2625
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., a California corporation,<br><br>  Plaintiff,<br><br>            vs.<br><br>JOHN DOES 1 and 2, individuals,<br><br>  Defendants. | CASE NO.: 08-2763 (MHP)<br><br>DECLARATION OF KEITH RUOFF IN SUPPORT OF PLAINTIFF IO GROUP, INC.'S NOTICE MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26 CONFERENCE |

I, KEITH RUOFF, declare:

   1.   I am vice president of Plaintiff Io Group, Inc. and have been for the last eight (8) years.

   2.   In my role as vice president of Io Group, I am in charge of Io Group's Internet operations and am generally informed as to the operation of Internet based websites.  In my experience Internet access providers maintain subscriber activity logs indicating which of its subscribers were assigned an ip address at any give date and time, but only maintain subscriber activity logs for a short period of time before destroying the information contained in the logs.

  3. I observed and documented infringement of Io Group works on ning.com as described in the Complaint.  Specifically, I identified an audiovisual file containing portions of Io Group, Inc.'s copyrighted work *Heat*, by and through manplay.ning.com.  Review of information provided on manyplay.ning.com indicated that the video file was added to the site by a user with the screen name Matt40.  Io Group named this individual as JOHN DOE 2 in the instant action.

  4. Further review of manplay.ning.com indicated that the site was created by a Ning user with the screen name "skip".  Io Group named this individual as JOHN DOE 1 in the instant action.

  5. I am aware of no reliable means for identifying the DOE defendants in this matter other than obtaining subscriber information for ip addresses associated with the infringing activity from Internet access providers.

  6. I also am in charge of Io Group's anti piracy department and I am familiar with many aspects of on-line piracy.

  7. The infringement at issue in the matter is an example of the latest scheme infringers have developed for distributing infringing works via the Internet.  The infringing activity revolves around a series of Internet-based social networks developed on the Ning.com platform.

  8. Ning.com is a commercial enterprise that provides free hosting and other support for individuals who wish to create and operate Internet-based social networks. Social Networks are websites where groups of people, usually with a common interest can come together to share information.  Under this arrangement, the domain name of the social network site consists of Ning's base domain and a subdomain determined by the individual operating the social network.  Thus, the names of the piracy networks created and operated by Defendant JOHN DOE 1 in this

matter consist of Ning's base domain name (ning.com) and the Defendants' network name (manplay).

9. The creators of social networks create them around any number of themes, issues or discussions. In this matter Defendant JOHN DOE 1, created the network specifically as an online location to trade sexually explicit audiovisual files without regard to copyright. Any member of the group can then watch the videos simply by logging on to the group and clicking on the video they wish to view.

10. It is often difficult to identify individuals operating on the Internet because they frequently provide bogus information when registering to participate on a particular social network. This is particularly true when the individual is accessing the site in order to engage in illegal activity such as copyright infringement. On the other hand, when an Internet user subscribes with an Internet service/access provider in order to obtain Internet access, the user by necessity *does* provide accurate information so that the provider can connect service and collect payment.

11. When an Internet service/access provider supplies a connection to the Internet, the connection is identified by a series of numbers called an Internet protocol ("ip") address. An ip address can be analogized to a telephone number. Just as a telephone company provides a telephone number to its customers, an Internet access provider assigns an ip address to each of its subscribers. Just as caller ID allows someone to identify the telephone number from which a telephone call originates, so can a website determine the ip address and thus the location from which Internet activity is originates.

12. When a user accesses a website such as one of the piracy networks at issue in this matter, the website generally records the ip address being used to access the site and stores that

information on the its server logs. In this case, DOE 1 accessed the social network manplay.ning.com in order to moderate and maintain the group and DOE 2 accessed manply.ning.com in order to upload infringing copy of plaintiff's copyrighted work.

13. Anyone can perform a simple search on public databases to determine which Internet access provider controls a specific ip address. For example, XYZ access provider may control all ip addresses between 12.345.678.001 and 12.345.678.900. If a user engages in infringing activity using the ip address 12.345.678.050, then XYZ provides Internet access for that user.

Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated:  June 4, 2008                              */s/ Keith Ruoff*

                                                                                KEITH RUOFF
                                                                                Vice-President, Io Group, Inc.

I hereby attest that this is the declaration of Keith Ruoff and the original with Keith Ruoff's holographic signature is on file for production for the Court if so ordered, or for inspection upon request by any party.  Pursuant to the laws of the United States, I declare under penalty of perjury the foregoing is true and correct.

Dated: *June 4, 2008*                              */s/ Gill Sperlein*
                                                                                GILL SPERLEIN,
                                                                                Counsel for Plaintiff Io Group, Inc.